**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – ANN ARBOR**

DAWN D. HALLAMAN,

    Plaintiff,

v.                                                                    Case No.  5:18-cv-12508

ACCELERATED RECEIVABLE
SOLUTIONS,

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, DAWN D. HALLAMAN, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, ACCELERATED RECEIVABLE SOLUTIONS, as follows:

## NATURE OF THE ACTION

1.      This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff's FDCPA claims.

2.      Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

## PARTIES

4.      DAWN D. HALLAMAN ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5.       Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.       ACCELERATED RECEIVABLE SOLUTIONS ("Defendant") is a foreign corporation with its principal place of business in Scottsbluff, Nebraska.

7.       Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.       Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

9.       Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11.     On April 24, 2017 and May 30, 2017, Plaintiff underwent medical treatment at Michigan Pain Institute.

12.     Once Michigan Pain Institute received insurance proceeds, Plaintiff had a $70.00 balance.

13.     The amount owed Michigan Pain Institute is a "debt" as defined by 15 U.S.C. § 1692a(5).

14.     On July 5, 2017, Plaintiff initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

15.     The schedules filed by Plaintiff listed Michigan Pain Institute on Schedule F: Creditors Who Have Unsecured Claims.

16.     On or before, March 1 2018, Michigan Pain Institute placed Plaintiff's account with Defendant.

2

17.     On March 1, 2018, Defendant mailed Plaintiff a dunning letter.

18.     The dunning letter stated:

Original Creditor: MICHIGAN PAIN INSTITUTE
Account #: 2061582
Client Ref #: MPI21947
Amount: $35.00

Your account has been placed with us for collection!

19.     A true and correct representation of the dunning letter is shown below:



20.     The dunning letter included a payment coupon with payment instructions.

21.     The dunning letter is a "communication" as defined by 15 U.S.C. § 1692a(2) as the

dunning letter conveys information regarding the amount owed directly to Plaintiff.

3

22.     The dunning letter attempted to collect monies owed by Plaintiff to Michigan Pain Institute.

23.     By transmitting the dunning letter to Plaintiff, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

## CLAIMS FOR RELIEF

### Count I
### Violation of 15 U.S.C. 1692e

24.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25.     Section 1692e generally prohibits "any false, deceptive, or misleading representations or means in connection with the collection of any debt."

26.     Section 1692e(2) prohibits "the false representation of the character, amount, or legal status of any debt."

27.     Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

28.     Section 362(a)(6) of the Bankruptcy Code prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(6).

29.     The Michigan Pain Institute debt was protected by the automatic stay since Plaintiff incurred it prior to filing for bankruptcy.

30.     A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is "false" in the sense that it asserts that money is due, although, because of the

4

automatic stay or the discharge injunction, it is not. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

31.     A debt collector's false statement is presumptively wrongful under the FDCPA. *Randolph*, 368 F.3d at 728; *see also Bussard v. Shermeta, Adams, and Von Allmen, P.C.*, 2013 U.S. Dist. LEXIS 93155, 2013 WL 3353942, at *10 (E.D. Mich. 2013) (identifying the existence of a claim by negative implication in holding that, "[b]ecause Plaintiff's … debt was not discharged, Defendant did not violate the FDCPA when it contacted Plaintiff and informed him that he was still liable for the debt").

32.     Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) when they sent the dunning letter since the Michigan Pain Institute debt was protected by the automatic stay.

33.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e, e(2), and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

      (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10);

B.      an order enjoining Defendant from further violation(s) of 15 U.S.C. §§ 1692e, e(2), and e(10);

C.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D.      an award of such additional damages, as the Court may allow, but not exceeding $1,000;

E.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

August 9, 2018                                              Respectfully submitted,

                                                           */s/ Joseph Scott Davidson*

                                                           Joseph Scott Davidson
                                                           **SULAIMAN LAW GROUP, LTD.**
                                                           2500 South Highland Avenue
                                                           Suite 200
                                                           Lombard, Illinois 60148
                                                           +1 630-575-8181
                                                           jdavidson@sulaimanlaw.com

                                                           *Counsel for Dawn D. Hallaman*